MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415) 882-9287

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS BENEFICIAL AND HOLIDAY FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; FRED INMAN, AND DAVID AYALA AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, <br><br> Plaintiffs, <br><br> v. <br><br> CAL SATE PAINTING AND WATERPROOFING, a California Partnership; and, HANS CHRISTIAN CONNICK AND DOUGLAS CAMERON CONNICK individually <br><br> Defendant. | CASE NO.: C 05-2827 SI <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may be entered in the within action in favor of the plaintiffs and against defendants CAL STATE PAINTING AND WATERPROOFING, a California Partnership; and, HANS CHRISTIAN CONNICK AND DOUGLAS CAMERON CONNICK individually as follows:

1. Defendants entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present

1 time.

2. Pursuant to the Bargaining Agreement and the Trust Agreements of Plaintiff Trust as amended, which are incorporated into the Bargaining Agreement, defendant is indebted to plaintiffs in the sum of **$24,958.68** representing unpaid contributions for the months of October, and November, 2004, and January through September, 2005, liquidated damages and interest thereon; attorneys fees and costs as follows:

| | |
|---|---|
| October, 2004 contributions (estimated based on last reported month of September, 2004) | $3,456.95 |
| Contributions (November, 2004; January, 2005- September, 2005 | $18,831.68 |
| Liquidated Damages (10%, October, 2004, November, 2004; January-September, 2005 | $2,228.86 |
| Interest (through 10/31/05) | $959.93 |
| Attorneys Fees (6/7/05 - 10/14/05) | $3,696.26 |
| Costs | $285.00 |
| **TOTAL** | **$29,458.68** |
| Credit for August 2005 Payment | ($3,000.00) |
| Credit for September, 2005 Payment | ($1,500.00) |
| **TOTAL AMOUNT DUE** | **$24,958.68** |

Defendants have requested to plaintiffs that they are unable to obtain the information necessary to prepare October, 2004 contribution report. Therefore, based on Trust Fund policy and procedure, the amount due for October, 2004 has been estimated, based on the last reported month of September, 2004. In the event that additional information is located, and the amount actually due is greater or less than the estimate, the parties agree that the difference between the amount actually due and the estimate will be made part of this judgement.

3. Defendants shall *conditionally* pay the plaintiffs the sum of $22,729.82, which consists of the total above less the liquidated damages of $2,228.68 as follows: Beginning on October 30, 2005, and continuing on or before the 30th of every month thereafter for a period of 12 months (thought September 30,2006), defendants shall pay to plaintiffs **$1,967.00** per month. The liquidated damages are *conditionally waived*, *upon Trustee approval*, once all other amounts due under this stipulation have been satisfied.

    (a)  Defendants shall have the right to increase the monthly payments at any time and may make additional payments in addition to those required to be made on or before the 30th of the month;

    (b)  Payment shall be applied first to unpaid interest as the rate of 7% per annum on the unpaid principle balance, in accordance with plaintiffs' Trust Agreements.

    ( c)  Payments shall me made to the Bay Area Painters and Tapers Trust Funds, and delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **on or before the 30th of each month as stated above,** or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or is submitted by defendants but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be default on the Judgement entered. If this occurs, plaintiffs shall make a written demand to defendants to cure said default. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendants elect to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable in demand by plaintiffs.

  4.  Beginning with contributions due for hours worked by defendants' employees during the month of October, 2005, to be postmarked no later than November 15, 2005, and for every month thereafter until this judgement is satisfied, defendants **shall remain current in contributions** due to plaintiffs under th current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.** Failure by Defendants to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 6 shall apply. Any such unpaid or late contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of

this Judgement and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants, in writing, of any additional amounts owed pursuant Stipulation, which shall include, but not be limited to, any additional attorney fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before September 30, 2006.

6. In the event that Defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4, then.

(A) The entire balance of $24,958.68 plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7% annum interest thereon as provided in above paragraph 4 shall be immediately due, together with any additional attorneys' fees and costs incurred in this action..

(B) A writ of execution may be obtained against Defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendants and the balance due and owing as of the date of default. <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.</u>

(C) Defendants waive notice of entry of judgment and expressly waives all rights to stay of execution and appeal. The declaration of affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default be sufficient to secure the issuance of a writ of execution.

(D) Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendants to plaintiffs under this Stipulation.

7. Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

1   a waiver of any subsequent breach by the defendant of any provisions herein.

2        8.    Plaintiffs specifically reserve all rights to bring a subsequent action against
3   defendants for the collection of any additional contribution delinquencies found to be due for hours
4   worked during the periods preceding the date of this Stipulation. Defendants specifically waives
5   the defense of the doctrine of res judicata in any such action.

6   //
7   //
8   //
9   //
10  //
11  //
12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

9. In the event of the filing of a bankruptcy petition by defendant or its Guarantor, the parties agree that any payments made by defendant or Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(C)(2) and shall not be claimed by defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless represent that no bankruptcy filing is anticipated.

Dated: October 20, 2005        CAL STATE PAINTING AND WATERPROOFING

By: _____
Its:   Doug Connick     /s/

Dated: October 20, 2005        HANS CHRISTIAN CONNICK, INDIVIDUALLY

By:          /s/

Dated: October 20, 2005        DOUGLAS CAMERON CONNICK, INDIVIDUALLY

By:          /s/

Dated: October 20, 2005        SALTZMAN & JOHNSON LAW CORPORATION

By:          /s/
Michele R. Stafford
Attorneys for Plaintiffs

**APPROVED AS TO FORM**

Dated: October 20, 2005        JORDAN, AQUI AND TYNAN

By:          /s/
Karen Tynan
Attorneys for Defendants

IT IS SO ORDERED.

Dated:_____

UNITED STATES DISTRICT JUDGE

GRANTED
Judge Susan Illston

JUDGMENT PURSUANT TO STIPULATION
C 05-2827 SI
6
P:\CLIENTS\PATCL\Cal State Painting\Pleadings\Judgment Pursuant to Stip.wpd